**EXHIBIT 2**



Amy L. Bomse
+1 415.471.3146 Direct
Amy.Bomse@arnoldporter.com

June 26, 2018

**VIA E-MAIL (PJONNA@LIMANDRI.COM)**

Paul M. Jonna
Freedom of Conscience Defense Fund
P.O. Box 9520
Rancho Santa Fe, CA 92067

    Re:    Meet and Confer re June 11, 2018 Email

Dear Paul:

    This letter responds to your email on June 11, 2018. The requests in your emails are irrelevant to the claims and defenses in this case, and some do not even fall under the scope of any pending Request for Production. It continues to be evident from Defendants Daleiden, CMP and Newman's discovery requests and this meet and confer process that these defendants, having failed in their years-long effort to uncover actual evidence of actual wrongdoing at Planned Parenthood, are attempting to use civil discovery to continue this fruitless search for materials that can be used to gin up false claims. Despite the lack of relevance of this entire line of inquiry to the claims in this case and defenses, Plaintiffs have repeatedly agreed to search for and produce documents including invoices, policies, contracts and internal affiliate documents.

    Our confidence in this process yielding a resolution is diminished by the fact that your latest set of demands adds *new* requests that clearly seek to follow up on matters that your clients have gleaned by fly-specking various Senate and House reports. Despite our concerns, we are making one final effort at informal resolution. Plaintiffs will agree to produce all remaining non-publicly available documents that PPFA provided to the SJC and HECC that relate to fetal tissue as requested. As to documents produced to the Select Investigative Panel ("SIP"), key documents have already been produced in this litigation, specifically invoices from TPOs. Planned Parenthood, however, will not produce the remainder of the documents given to the SIP. These documents constitute attorney-work product that were provided to Congress in response to a specific demand and that production did not effect a waiver because it was compelled.

Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10th Floor  |  San Francisco, CA  94111-4042  |  www.arnoldporter.com

# Arnold & Porter

Paul M. Jonna
June 26, 2018
Page 2

      For avoidance of doubt, this proposed production of documents that were provided to the SJC and HECC would not include documents relating to the criteria by which PPFA evaluates affiliate compliance with PPFA affiliation standards, which were produced to the Senate and House committees. These documents do not relate to fetal tissue donation at all and are sensitive and private business documents.

    More specific responses to your specific questions in your June 11, 2018 email are below. The numbers in parentheses after each request correspond to those in my May 2, 2018 letter. By responding, we are not waiving any of our objections, including those as to relevance and burden.

**1. Defendants' proposed list of custodians and search terms**

    Plaintiffs do not agree to search your proposed list of over 60 custodians, which include attorneys, using the terms you provided and produce the results. To the extent that Defendants have a proper document request that involves searching for ESI, we will meet and confer with you regarding search terms and custodians but we will not agree to search terms and custodians in a vacuum.

**2. ABR Documents (#2)**

    These have been produced.

**3. Documents from StemExpress' request to partner with PPFA (#3)**

    Counsel conferred with PPFA counsel and with Dr. Nucatola through her counsel, and we have located no documents.

**4. All documents concerning a January 5, 2011 conference call**

    You are now adding a new request: all documents concerning a conference call on January 5, 2011. There is no such pending request, nor does it fit within any of the existing requests despite their breadth. Please provide a proper request so that we can review and determine how to respond. If you believe this request is encompassed within an existing RFP, let us know.

**5. Subpoena on Dr. Nucatola.**

    Dr. Nucatola is separately represented by Gibson Dunn. If there are documents that you have reason to believe she has within her personal custody relevant to this case, a subpoena should be served on her counsel, Michael Bopp.

# Arnold & Porter

Paul M. Jonna
June 26, 2018
Page 3

### 6. Records from Roger Evans' presentations on 3/18/2015 (#4)

As already stated, we have conducted a reasonable investigation and consulted with the presenter, and there are no records from the presentation.

### 7. Documents re StemExpress advertisement passed out at NAF 2014 and NAF 2015 (#5)

We have reviewed all of CMP's RFPs and the documents referenced here are not called for by any of the numerous requests. Of course CMP is free to propound such a request, but it appears to be quite far afield of anything central to this case and more in the nature of a fishing expedition related to matters outside of this case.

### 8. Documents of PPGC/PPCFC relating to fetal tissue provision as a publicly advertised service (#6)

Here again, we have reviewed all of CMP's RFPs and the documents referenced here are not responsive to any request. Also, your description of PPGC's website is inaccurate. Although CMP has not propounded a document question, we will provide a free response. PPGC has confirmed that it does not have any documents that concern the brief reference to "donated fetal tissue" that you referenced. Those words have been on that web page for at least five years.

### 9. Novogenix PowerPoint (#8)

As we have already stated, PPLA has conducted a thorough investigation and it does not have any such power point other than the slide that was already provided to defendants nor is there any evidence that such a power point by Novogenix was ever given to the PPLA board. I have reviewed Dr. Gatter's statements as has in-house counsel for PPLA, but her statements do not change the fact that PPLA has no such presentation nor any record that such a presentation was ever given.

### 10. Summaries of abortion cases (#10)

CMP is seeking records of abortion cases which you assert are highly relevant to defendants' affirmative defense and to rebut Plaintiffs' contention that they were damaged because of the alleged falsity of Defendants' statements. As I have noted before, there is no fair reading of the FAC that would suggest that Plaintiffs' intend to discuss anything that the Human Capital Project said about this topic. And I have provided extensive legal authority concerning why the discovery you are seeking is not relevant to any affirmative defense. See letter dated 3/27/18. On top of all of this, the

# Arnold Porter

Paul M. Jonna
June 26, 2018
Page 4

records that you are seeking are highly confidential and courts have quashed similar discovery requests to protect patient privacy even where the propounding party proposed to redact the identities of the patients. *See e.g. Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 929 (7th Cir. 2014).

### 11. Summaries showing number of fetal specimens provided to DaVinci by PPOSBC as Defendants dispute whether DaVinci paid per specimen (#11)

You state that you "dispute whether DaVinci paid PPOSBC per specimen." Plaintiffs have provided a verified interrogatory response identifying the affiliates that accepted reimbursements for their costs in facilitating fetal tissue donation and PPOSBC was not among those. In addition, Plaintiffs have produced invoices for all affiliates that received reimbursements for the costs of facilitating their patients' donation of fetal tissue. PPOSBC has no such documents. What is the basis on which defendants continue to dispute, in the face of this evidence, whether DaVinci paid PPOSBC per specimen?

\*\*\*\*

In conclusion, no one can deny that the two sides have made significant efforts to resolve this dispute. It is my hope that our most recent offer and the points made in this letter will enable us to do so. If not, we urge you to prepare a motion to compel promptly.

Sincerely,

Amy L. Bomse

**EXHIBIT 3**

```
Charles S. LiMandri, SBN 110841
Paul M. Jonna, SBN 265389
Jeffrey M. Trissell, SBN 292480
B. Dean Wilson, SBN 305844
FREEDOM OF CONSCIENCE DEFENSE FUND
Post Office Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948; Fax: (858) 759-9938
```

Attorneys for Defendants CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES, LLC, AND DAVID DALEIDEN

UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | CASE NO.: 16-cv-00236 (WHO)<br><br>Judge William H. Orrick, III<br><br>**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS** |

TO:   ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORD WITH RESPECT TO:

```
Deborah Nucatola
c/o Michael D. Bopp, Esq.
Gibson Dunn
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
```

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, Rule 45(b)(1), Defendants, the Center for Medical Progress, BioMax Procurement Services, LLC, and David Daleiden, have issued a subpoena to produce documents, information, or objects to the Custodian /Witness/Deponent listed above and copy of the subpoena is attached, hereto.

Dated: October 23, 2018                By: /s/ B. Dean Wilson
                                           Counsel for Defendant
                                           The Center For Medical Progress

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Planned Parenthood Federation of America, et al, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:16-cv-00236-WHO |
| | ) | |
| The Center for Medical Progress, et al, | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   DEBORAH NUCATOLA
c/o Michael D. Bopp, Esq., Gibson Dunn, 1050 Connecticut Avenue, N.W., Washington, DC 20036

Tel: (202) 955-8256          *(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: First Records Retrieval c/o Torri's Legal Services 2021 "L" Street. NW, Suite 101 Washington DC 20036 | Date and Time: November 12, 2018, 5:00 p.m. (PST) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/23/2018

CLERK OF COURT
                                                           OR
_____                     /s/ B. Dean Wilson, Esq.
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants the Center for Medical Progress, BioMax Procurement Services & David Daleiden, who issues or requests this subpoena, are:
B. Dean Wilson, Freedom of Conscience Defense Fund, P.O. Box 9520, 16236 San Dieguito Road, Suite 3-15, Rancho Santa Fe, California, 92067;  Tel:  (858) 759-9948

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**DEFINITIONS**

1. The terms "YOU" or "YOUR" means the person or entity responding to this Request and their agents, manager, servants, employees, workers, consultants, and attorneys.

2. The term "DOCUMENTS" is to be given the broadest possible definition to include, but not limited to, any papers, or writings, including drafts, and any mechanical or electronic recordings or records of any kind in your possession, custody or control, wherever located, whether an original or a copy, including agreements, financial statements, e-mail, invoices, minutes, memoranda, notes, records, recordings, interoffice communications, computer data files, tape or other records, telegrams, letters, photographs, drawings, data, reports, printed matter, publications, offers, bids, proposals or statements. Any copy containing or attached to it, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence shall be deemed a separate document within this definition.

3. The term "REGARDING" means all DOCUMENTS, as defined above, which reflect, record, memorialize, discuss, evaluate, mention, consider, review, report on the subject matter of the request, including without limitation documents that were compared explicitly and/or implicitly with, were referred to or reviewed in conjunction with, or were generated as a result of the subject matter of the request.

4. The term "PLANNED PARENTHOOD" means any entity that contains the term "Planned Parenthood" in its legal or dba name.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** All DOCUMENTS regarding discussions, plans, or negotiations in or around January 2011 between Planned Parenthood Federation of American and any or all California PLANNED PARENTHOOD affiliates REGARDING participation in fetal tissue procurement procurement or transfer programs.

**REQUEST FOR PRODUCTION NO. 2:** All communications in or around January 2011 REGARDING California PLANNED PARENTHOOD affiliates participating in fetal tissue procurement or transfer programs.

/ / /

1 **REQUEST FOR PRODUCTION NO. 3:** All DOCUMENTS obtained from, or communications with, StemExpress LLC.

**REQUEST FOR PRODUCTION NO. 4:** All communications with Deborah VanDerhei regarding BioMax Procurement Services, LLC.

**REQUEST FOR PRODUCTION NO. 5:** All communications with Deborah VanDerhei regarding PLANNED PARENTHOOD's participation in fetal tissue procurement or transfer programs.

**REQUEST FOR PRODUCTION NO. 6:** All communications with Melissa Farrell regarding BioMax Procurement Services, LLC.

**REQUEST FOR PRODUCTION NO. 7:** All communications with Melissa Farrell regarding PLANNED PARENTHOOD's participation in fetal tissue procurement or transfer programs.

**REQUEST FOR PRODUCTION NO. 8:** All communications with the U.S. House of Representatives Energy & Commerce Committee, including but not limited to communications with the Select Investigative Panel.

**REQUEST FOR PRODUCTION NO. 9:** All communications with the U.S. Senate Judiciary Committee.

**REQUEST FOR PRODUCTION NO. 10:** The transcript of any deposition or interview taken by the U.S. House of Representatives Energy & Commerce Committee (including the Select Investigative Panel) or the U.S. Senate Judiciary Committee.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 4**

| | |
|---|---|
| **From:** | Bopp, Michael D. |
| **To:** | Dean Wilson |
| **Cc:** | Jeffrey Trissell; Charles Limandri; Paul Jonna |
| **Subject:** | RE: Deborah Nucatola |
| **Date:** | Friday, November 2, 2018 11:26:41 AM |

Yes – we have accepted service on Dr. Nucatola's behalf. A process server came to our offices late last week and we accepted at that time.

Michael

**Michael Bopp**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8256 • Fax +1 202.530.9648
MBopp@gibsondunn.com • www.gibsondunn.com

**From:** Dean Wilson <dwilson@fcdflegal.org>
**Sent:** Friday, November 2, 2018 1:21 PM
**To:** Bopp, Michael D. <MBopp@gibsondunn.com>
**Cc:** Jeffrey Trissell <jtrissell@limandri.com>; Charles Limandri <climandri@limandri.com>; Paul Jonna <pjonna@limandri.com>
**Subject:** RE: Deborah Nucatola

[External Email]
Michael,

I have not heard back from you on this issue and wanted to follow up to determine the status. Have you been granted authority to accept service on your client Dr. Nucatola's behalf?

B. Dean Wilson | Attorney
Freedom of Conscience Defense Fund
P.O. Box 9520 | Rancho Santa Fe, CA 92067

Tel: (858) 759-9948 | Fax: (858) 759-9938
dwilson@limandri.com | www.fcdflegal.org

From: Bopp, Michael D. <mbopp@gibsondunn.com>
Date: October 24, 2018 at 7:24:33 AM
To: Dean Wilson <dwilson@limandri.com>
Cc: Charles Limandri <climandri@limandri.com>, Paul Jonna <pjonna@limandri.com>, Jeffrey Trissell <jtrissell@limandri.com>
Subject:  RE: Deborah Nucatola

> I am checking with my client and will get back to you.
>
> Michael
>
> **Michael Bopp**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8256 • Fax +1 202.530.9648
MBopp@gibsondunn.com • www.gibsondunn.com

**From:** Dean Wilson <dwilson@limandri.com>
**Sent:** Tuesday, October 23, 2018 6:43 PM
**To:** Bopp, Michael D. <MBopp@gibsondunn.com>
**Cc:** Charles Limandri <CLimandri@limandri.com>; Paul Jonna <PJonna@limandri.com>; Jeffrey Trissell <JTrissell@limandri.com>
**Subject:** Deborah Nucatola

[External Email]
Mr. Bopp,

We represent several defendants in the federal civil action *Planned Parenthood Fed. of Am., et al. v. Ctr. for Med. Progress, et al.* We propounded document requests to the Plaintiffs who responded with the attached letter, in which they state. "Dr. Nucatola is separately represented by Gibson Dunn. If there are documents that you have reason to believe she has within her personal custody relevant to this case, a subpoena should be served on her counsel, Michael Bopp." Ltr. from Bomse, p. 2. Thus, we are serving on you today a document subpoena for Dr. Nucatola. We have also attached it to this email. Please let me know if you will not accept service for Dr. Nucatola, and if we need to serve her personally.

B. Dean Wilson | Attorney
Freedom of Conscience Defense Fund
P.O. Box 9520 | Rancho Santa Fe, CA 92067


Tel: (858) 759-9948 | Fax: (858) 759-9938
dwilson@limandri.com | www.fcdflegal.org

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**EXHIBIT 5**

| | |
|---|---|
| **From:** | Paul Jonna |
| **To:** | Bopp, Michael D. |
| **Cc:** | Jura, Perlette Michèle; Charles Limandri; Jeffrey Trissell; Kathy Denworth |
| **Subject:** | RE: Subpoena |
| **Date:** | Monday, November 12, 2018 5:56:01 PM |

Confirmed. Thanks.

**Paul M. Jonna, Esq.** | Vice President
FREEDOM *of* CONSCIENCE DEFENSE FUND
P.O. Box 9520 | Rancho Santa Fe, CA  92067
(858) 759-9948 (tel) | (858) 759-9938 (fax)
www.consciencedefense.org

This communication (including any attachments) contains confidential information protected by the attorney-client privilege and/or attorney work-product privilege intended only for a specific person(s) or entity(ies) named as the recipient(s).  If you are not the intended recipient(s), you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, use or distribution of this communication, or the taking of any action based in it, is strictly prohibited by law.  If you receive this transmission by error, please notify us by telephone immediately.  Thank you.

**From:** Bopp, Michael D. <MBopp@gibsondunn.com>
**Sent:** Monday, November 12, 2018 11:13 AM
**To:** Paul Jonna <PJonna@limandri.com>
**Cc:** Jura, Perlette Michèle <PJura@gibsondunn.com>
**Subject:** RE: Subpoena

Paul –

I am writing to confirm your agreement to extend the return date of the Center for Medical Progress' subpoena to our client, Dr. Deborah Nucatola, to December 7, 2018, with the understanding that we will endeavor to respond at least partially sooner.

Thank you for your consideration.

Michael
**Michael Bopp**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8256 • Fax +1 202.530.9648
MBopp@gibsondunn.com • www.gibsondunn.com

**From:** Bopp, Michael D.

**Sent:** Monday, November 12, 2018 1:54 PM
**To:** pjonna@limandri.com
**Cc:** Jura, Perlette Michèle <PJura@gibsondunn.com>
**Subject:** Subpoena

Paul –

As we have not been able to connect by phone and your offices are closed, I thought I would reach out by email. We received the subpoena to our client, Dr. Deborah Nucatola. We are in the process of collecting and reviewing documents, which is going to take some more time. Hence, we are asking if you would extend the return date to Friday, December 7th. That would give us time to finish our work and consult with our client.

Thanks for your consideration.

Michael
**Michael Bopp**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8256 • Fax +1 202.530.9648
MBopp@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.