**EXHIBIT 6**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC. ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTER FOR MEDICAL PROGRESS, ET AL.,<br><br>    Defendants. | Case No. 16-cv-236 (WHO) |

## NON-PARTY DR. DEBORAH NUCATOLA'S OBJECTIONS AND RESPONSES TO SUBPOENA *DUCES TECUM*

Non-party Dr. Deborah Nucatola (the "Respondent"), by and through her undersigned attorney, hereby objects and responds to Defendants' subpoena for the production of documents served on October 25, 2018 (the "Subpoena"), in connection with the above-referenced matter (the "Action"). Pursuant to Federal Rule of Civil Procedure 45, the Respondent objects and responds to the Subpoena as follows:

## GENERAL OBJECTIONS

These general objections ("General Objections") apply to and are incorporated by the Respondent into each specific response to the Subpoena. Each set of specific Objections and Responses to the Subpoena is made without waiving these General Objections.

1.  By agreeing to produce documents in response to a specific Request, the Respondent represents only that responsive documents will be produced if they exist and can be located through a reasonable inquiry and diligent search, and are not otherwise protected from disclosure.

2. No objection or limitation, or lack thereof, in these Objections and Responses shall be deemed an admission by the Respondent as to the existence or non-existence of information, documents, or other materials.

3. The specific Objections and Responses set forth below are based on the Respondent's interpretation of the language used in the Subpoena, and the Respondent reserves the right to amend or supplement these Objections and Responses in the event Defendants assert an interpretation different from the Respondent's interpretation.

4. The Respondent's Objections and Responses to the Subpoena are based on a reasonable inquiry and current knowledge as of the date these Objections and Responses are made. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Objections and Responses set forth herein. Without in any way obligating the Respondent to do so, the Respondent expressly reserves the right to amend, supplement, correct, clarify, or modify the Objections and Responses set forth herein.

5. The Respondent objects to the Subpoena, including the Definitions and each specific Request therein, to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure (the "Federal Rules"), the Civil Local Rules of the United States District Court for the Northern District of California ("Local Rules"), any other applicable rule or law, or any order entered in or applicable to the Action. The Respondent will construe and respond to the Subpoena in accordance with the requirements of the Federal Rules, the Local Rules, any other applicable rule or law, and all orders applicable to the Action.

6.     The Respondent objects to the Subpoena, including the Definitions and each specific Request therein, to the extent that it would impose an undue burden on the Respondent, particularly as a non-party, to respond in the form of an excessive expenditure of time and money.

7.     The Respondent objects to the Subpoena, including the Definitions and each specific Request therein, to the extent that it seeks documents or information that are not relevant to the claims and defenses in the Action.

8.     The Respondent objects to the Subpoena, including the Definitions and each specific Request therein, to the extent it purports to call for the production of documents or information that is of marginal relevance such that its probative value is substantially outweighed by the burden imposed on the Respondent, particularly as a non-party, in having to search for and provide such documents or information.

9.     The Respondent objects to the Subpoena, including the Definitions and each specific Request therein, to the extent it purports to require preservation and/or production of electronically stored information that is not stored on active systems, but is stored on systems, backup tapes, and other media that are no longer part of normal business operations. Requests that seek to require the Respondent to search such sources are overly broad and unduly burdensome due to the cost associated with searching, preserving, and accessing these data sources.

10.    The Respondent objects to the Subpoena, including the Definitions and each specific Request therein, to the extent it purports to require the production of documents or information that: (i) are within the custody, control, or possession of the parties to the Action; (ii) are publicly available; or (iii) are unreasonably cumulative, duplicative, or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive.

11. The Respondent objects to the Subpoena, including the Definitions and each specific Request therein, to the extent it purports to require production of documents that are subject to a right of privacy and/or privilege, immunity, or obligation of confidentiality, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, the rules and practices of the Select Investigative Panel of the Committee of Energy and Commerce, or any other legally recognized privilege, immunity, exemption, or protection against disclosure. Any inadvertent disclosure of any privileged information to Defendants shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or the Respondent's right to object to the use of any document inadvertently disclosed. The Respondent reserves the right to demand that Defendants return to the Respondent any privileged document inadvertently produced. The Respondent does not intend to waive any applicable privilege through the production of any documents or information in response to the Subpoena.

12. Notwithstanding any agreement between the parties in the Action or the terms of any protective order, the Respondent objects to the use or disclosure of any documents that the Respondent may produce in response to the Subpoena in any lawsuits other than the Action. The Respondent makes any production on the express condition that any documents that the Respondent may produce in the Action will not be used or disclosed in any other lawsuit or proceeding without first providing notice to and securing the written consent of the Respondent, and subject to such other appropriate arrangements as may be necessary to preserve confidentiality.

13. The foregoing General Objections apply to each and every specific Request and are incorporated by reference in each of the Objections and Responses set forth below, including the objections to the Definitions, which are made without waiver of, and subject to, these General Objections.

**OBJECTIONS TO DEFINITIONS**

The Respondent's objections to the Subpoena Definitions apply to each and every specific Request and are incorporated by reference in each of the specific Objections and Responses set forth below, which are made without waiver of, and subject to, these objections.

1. The Respondent objects to the Definitions to the extent they purport to broaden the obligations imposed by the Federal Rules, the Local Rules, any other applicable rules, any applicable Court orders, or any discovery protocols agreed upon by the parties to the Action.

2. The Respondent objects to the definition of "YOU" or "YOUR" on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome.

3. The Respondent objects to the definition of "DOCUMENT" to the extent it redefines terms that are commonly used or deviate from how those terms are defined and used in the Federal Rules, the Local Rules, any other applicable rules, any applicable Court orders, or any discovery protocols agreed upon by the parties to the Action.

4. The Respondent objects to the definition of "REGARDING" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.

5. The Respondent objects to the definition of "PLANNED PARENTHOOD" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.

**SPECIFIC OBJECTIONS AND RESPONSES**

Each and all of the foregoing General Objections and Objections to Definitions are expressly incorporated into the following specific Objections and Responses to the Requests. The absence of any reiteration in a specific Objection and Response is neither intended nor shall be construed as a limitation or waiver of any objection. The Respondent specifically objects and responds to the Defendants' Requests as follows:

5

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS regarding discussions, plans, or negotiations in or around January 2011 between Planned Parenthood Federation of American and any or all California PLANNED PARENTHOOD affiliates REGARDING participation in fetal tissue procurement procurement [*sic*] or transfer programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

The Respondent objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, particularly with respect to the terms "All DOCUMENTS," "regarding," "in or around," "any or all," "affiliates," "participation in," and "procurement or transfer programs." The Respondent also objects that, to the extent this Request seeks information from January 2011, it seeks information that is irrelevant to the claims and defenses in the Action, as the events at issue in the Action are alleged to have occurred after 2012.

Subject to and without waiving the foregoing objections, after conducting a reasonable inquiry and diligent search, the Respondent has not identified any non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All communications in or around January 2011 REGARDING California PLANNED PARENTHOOD affiliates participating in fetal tissue procurement or transfer programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The Respondent objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, particularly with respect to the terms "All communications," "in or around," "affiliates," "participating in," and "procurement or transfer programs." The Respondent also objects that, to the extent this Request seeks information from January 2011, it

seeks information that is irrelevant to the claims and defenses in the Action, as the events at issue in the Action are alleged to have occurred after 2012.

Subject to and without waiving the foregoing objections, after conducting a reasonable inquiry and diligent search, the Respondent has not identified any non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS obtained from, or communications with, StemExpress LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The Respondent objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, particularly with respect to the terms "All DOCUMENTS," "obtained from," and "communications." The Respondent further objects to this Request as overly broad and unduly burdensome as it includes no limitation as to time. The Respondent also objects on the grounds that this Request is irrelevant to the claims and defenses in the Action.

Subject to and without waiving the foregoing objections, after conducting a reasonable inquiry and diligent search, the Respondent has not identified any non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All communications with Deborah VanDerhei regarding BioMax Procurement Services, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The Respondent objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, particularly with respect to the terms "All communications" and "regarding." The Respondent further objects to this Request overly broad and unduly burdensome

as it includes no limitation as to time.  The Respondent also objects on the grounds that this Request is irrelevant to the claims and defenses in the Action.

Subject to and without waiving the foregoing objections, after conducting a reasonable inquiry and diligent search, the Respondent has not identified any non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All communications with Deborah VanDerhei regarding PLANNED PARENTHOOD's participation in fetal tissue procurement or transfer programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

The Respondent objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, particularly with respect to the terms "All communications," "regarding," "participation in," and "procurement or transfer programs."  The Respondent further objects to this Request as overly broad and unduly burdensome as it includes no limitation as to time.  The Respondent also objects on the grounds that this Request is irrelevant to the claims and defenses in the Action.

Subject to and without waiving the foregoing objections, after conducting a reasonable inquiry and diligent search, the Respondent has not identified any non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All communications with Melissa Farrell regarding BioMax Procurement Services, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

The Respondent objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, particularly with respect to the terms "All communications" and

8

"regarding." The Respondent further objects to this Request as overly broad and unduly burdensome as it includes no limitation as to time. The Respondent also objects on the grounds that this Request is irrelevant to the claims and defenses in the Action.

Subject to and without waiving the foregoing objections, after conducting a reasonable inquiry and diligent search, the Respondent has not identified any non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All communications with Melissa Farrell regarding PLANNED PARENTHOOD's participation in fetal tissue procurement or transfer programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

The Respondent objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, particularly with respect to the terms "All communications," "regarding," "participation in," and "procurement or transfer programs." The Respondent further objects to this Request as overly broad and unduly burdensome as it includes no limitation as to time. The Respondent also objects on the grounds that this Request is irrelevant to the claims and defenses in the Action.

Subject to and without waiving the foregoing objections, after conducting a reasonable inquiry and diligent search, the Respondent has not identified any non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

All communications with the U.S. House of Representatives Energy & Commerce Committee, including but not limited to communications with the Select Investigative Panel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The Respondent objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, particularly with respect to the terms "All communications" and "including but not limited to."  The Respondent further objects to this Request as overly broad and unduly burdensome as it includes no limitation as to time or subject matter.  The Respondent also objects to this Request as seeking documents that are subject to a right of privacy and/or privilege, immunity, or obligation of confidentiality, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, the rules and practices of the Select Investigative Panel of the Committee of Energy and Commerce, or any other legally recognized privilege, immunity, exemption, or protection against disclosure.

**REQUEST FOR PRODUCTION NO. 9:**

All communications with the U.S. Senate Judiciary Committee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The Respondent objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, particularly with respect to the terms "All communications."  The Respondent further objects to this Request as overly broad and unduly burdensome as it includes no limitation as to time or subject matter.

Subject to and without waiving the foregoing objections, after conducting a reasonable inquiry and diligent search, the Respondent has not identified any non-privileged documents responsive to this Request in her possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 10:

The transcript of any deposition or interview taken by the U.S. House of Representatives Energy & Commerce Committee (including the Select Investigative Panel) or the U.S. Senate Judiciary Committee.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

The Respondent objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, particularly with respect to the terms "any deposition or interview" and "taken." The Respondent further objects to this Request as overly broad and unduly burdensome as it includes no limitation as to time or subject matter. The Respondent also objects to this Request as seeking documents that are subject to a right of privacy and/or privilege, immunity, or obligation of confidentiality, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, the rules and practices of the Select Investigative Panel of the Committee of Energy and Commerce, or any other legally recognized privilege, immunity, exemption, or protection against disclosure.

Dated: December 7, 2018                     Respectfully submitted

*[signature]*

Michael D. Bopp
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:   202.955.8500
Facsimile:    202.467.0539

11

## CERTIFICATE OF SERVICE

I, Michael D. Bopp, an attorney for non-party Dr. Deborah Nucatola, hereby certify that on this 7th day of December, 2018, copies of the foregoing document were served via e-mail on the following:

Paul Jonna, Esq. (pjonna@limandri.com)
Dean Wilson, Esq. (dwilson@limandri.com)
Freedom of Conscience Defense Fund
P.O. Box 9520
Rancho Santa Fe, CA 92067
Telephone:  858.759.9948
Facsimile:  858.759.9938

*Attorneys for Defendants Center for Medical Progress, et al.*

Michael D. Bopp

**EXHIBIT 7**

| | |
|---|---|
| **From:** | Bopp, Michael D. |
| **To:** | Paul Jonna; Dean Wilson |
| **Cc:** | Jura, Perlette Michèle; Charles Limandri; Jeffrey Trissell; Kathy Denworth; Mao, Coreen |
| **Subject:** | RE: Subpoena |
| **Date:** | Sunday, December 9, 2018 6:06:05 PM |

Paul -- As you know, we are not a party to this case. Rather than serve objections outright based on our non-party status and the burden of this request, we went to the effort to assess whether we had responsive, producible materials given our understanding of your request. We appreciate you giving us the time to look through files so that we could meaningfully consider your requests and evaluate them. Please just let us know if you would like to discuss further.

Michael

**Michael Bopp**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8256 • Fax +1 202.530.9648
MBopp@gibsondunn.com • www.gibsondunn.com

**From:** Paul Jonna <PJonna@limandri.com>
**Sent:** Friday, December 7, 2018 6:26 PM
**To:** Bopp, Michael D. <MBopp@gibsondunn.com>; Dean Wilson <dwilson@limandri.com>
**Cc:** Jura, Perlette Michèle <PJura@gibsondunn.com>; Charles Limandri <CLimandri@limandri.com>; Jeffrey Trissell <JTrissell@limandri.com>; Kathy Denworth <KDenworth@limandri.com>; Mao, Coreen <CMao@gibsondunn.com>
**Subject:** RE: Subpoena

[External Email]
Michael – when I gave you the extension, I took into account your representation that you were "collecting and reviewing documents." Your position now is that we are not entitled to any documents?

**Paul M. Jonna, Esq.** | Vice President
FREEDOM *of* CONSCIENCE DEFENSE FUND
P.O. Box 9520 | Rancho Santa Fe, CA  92067
(858) 759-9948 (tel) | (858) 759-9938 (fax)
www.consciencedefense.org

This communication (including any attachments) contains confidential information protected by the attorney-client privilege and/or attorney work-product privilege intended only for a specific person(s) or entity(ies) named as the recipient(s).  If you are not the intended recipient(s), you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, use or distribution of this communication, or the taking of any action based in it, is strictly prohibited by law.  If you receive this transmission by error, please notify

us by telephone immediately.  Thank you.

---

**From:** Bopp, Michael D. <MBopp@gibsondunn.com>
**Sent:** Friday, December 7, 2018 2:17 PM
**To:** Paul Jonna <PJonna@limandri.com>; Dean Wilson <dwilson@limandri.com>
**Cc:** Jura, Perlette Michèle <PJura@gibsondunn.com>; Charles Limandri <CLimandri@limandri.com>; Jeffrey Trissell <JTrissell@limandri.com>; Kathy Denworth <KDenworth@limandri.com>; Mao, Coreen <CMao@gibsondunn.com>
**Subject:** RE: Subpoena

Paul –

Attached please find our objections and responses to the third party subpoena issued to Dr. Deborah Nucatola in *Planned Parenthood Federation of America v. The Center for Medical Progress*, No. 16-cv-236 (N.D. Cal.), a courtesy copy of which was sent by mail today.

Thanks.

Michael
**Michael Bopp**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8256 • Fax +1 202.530.9648
MBopp@gibsondunn.com • www.gibsondunn.com

---

**From:** Paul Jonna <PJonna@limandri.com>
**Sent:** Monday, November 12, 2018 8:56 PM
**To:** Bopp, Michael D. <MBopp@gibsondunn.com>
**Cc:** Jura, Perlette Michèle <PJura@gibsondunn.com>; Charles Limandri <CLimandri@limandri.com>; Jeffrey Trissell <JTrissell@limandri.com>; Kathy Denworth <KDenworth@limandri.com>
**Subject:** RE: Subpoena

[External Email]
Confirmed. Thanks.

**Paul M. Jonna, Esq.** | Vice President
FREEDOM *of* CONSCIENCE DEFENSE FUND
P.O. Box 9520 | Rancho Santa Fe, CA  92067
(858) 759-9948 (tel) | (858) 759-9938 (fax)
www.consciencedefense.org

This communication (including any attachments) contains confidential information protected by the attorney-client privilege and/or attorney work-product privilege intended only for a specific

person(s) or entity(ies) named as the recipient(s).  If you are not the intended recipient(s), you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, use or distribution of this communication, or the taking of any action based in it, is strictly prohibited by law.  If you receive this transmission by error, please notify us by telephone immediately.  Thank you.

**From:** Bopp, Michael D. <MBopp@gibsondunn.com>
**Sent:** Monday, November 12, 2018 11:13 AM
**To:** Paul Jonna <PJonna@limandri.com>
**Cc:** Jura, Perlette Michèle <PJura@gibsondunn.com>
**Subject:** RE: Subpoena

Paul –

I am writing to confirm your agreement to extend the return date of the Center for Medical Progress' subpoena to our client, Dr. Deborah Nucatola, to December 7, 2018, with the understanding that we will endeavor to respond at least partially sooner.

Thank you for your consideration.

Michael
**Michael Bopp**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8256 • Fax +1 202.530.9648
MBopp@gibsondunn.com • www.gibsondunn.com

**From:** Bopp, Michael D.
**Sent:** Monday, November 12, 2018 1:54 PM
**To:** pjonna@limandri.com
**Cc:** Jura, Perlette Michèle <PJura@gibsondunn.com>
**Subject:** Subpoena

Paul –

As we have not been able to connect by phone and your offices are closed, I thought I would reach out by email.  We received the subpoena to our client, Dr. Deborah Nucatola.  We are in the process of collecting and reviewing documents, which is going to take some more time.  Hence, we are asking if you would extend the return date to Friday, December 7th.  That would give us time to finish our work and consult with our client.

Thanks for your consideration.

Michael

**Michael Bopp**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8256 • Fax +1 202.530.9648
MBopp@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.