**EXHIBIT 8**

# FREEDOM *of* CONSCIENCE
## ━━━━━ DEFENSE FUND ━━━━━

CHARLES S. LiMANDRI*
PAUL M. JONNA

JEFFREY M. TRISSELL
B. DEAN WILSON

*BOARD CERTIFIED CIVIL TRIAL ADVOCATE
  ADMITTED TO THE CALIFORNIA BAR
  ADMITTED TO THE DISTRICT OF COLUMBIA BAR
  ADMITTED TO THE NEW YORK BAR
  ADMITTED TO THE U.S. SUPREME COURT

POST OFFICE BOX 9520
RANCHO SANTA FE, CA  92067
TELEPHONE:  (858) 759-9948
FACSIMILE:    (858) 759-9938

WEBSITE:  www.fcdflegal.org

PHYSICAL ADDRESS:

16236 SAN DIEGUITO ROAD
BUILDING 3, SUITE 3-15
RANCHO SANTA FE, CA  92091

KATHY DENWORTH
Office Administrator

DANIEL J. PIEDRA
Executive Director

December 11, 2018

**Via E-Mail:  MBopp@gibsondunn.com
& U.S. Mail**

Michael Bopp, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306

     **Re:**    *Planned Parenthood Fed. of Am., et al. v. Ctr. for Med. Progress, et al.*

Dear Mr. Bopp:

     In responding and objecting to Defendant's document requests in the subpoena, your office prepared multiple general objections. This was improper. As a rule, general objections are waived. *See, e.g., Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335, n. 4 (N.D.Ill. 2001) ("As courts have repeatedly pointed out, blanket objections are patently improper. This fact should no longer be news to a responding party. . . . Hence, we treat Abbott's general objections as if they were never made."); *M2 Software, Inc. v. M2 Commc'ns, L.L.C.*, 217 F.R.D. 499, 501 (C.D. Cal. 2003) ("The plaintiff's General Objections are not sufficient to raise any substantial, meaningful or enforceable objections to any particular discovery request."); *Gen. Elec. Co. v. Wilkins*, No. 1:10-CV-00674-LJO, 2012 WL 3205430, at *6 (E.D. Cal. Aug. 2, 2012) ("[G]eneral objections are waived."). Looking at the objections themselves, however, also indicates that they lack merit.

     The objections regarding the definitions of words used in the subpoena do not appear to be well founded. The use of words such as "documents," "regarding," "affiliates," and so on, by Defendants are not inherently confusing and a standard meaning of these words results in comprehensible—and answerable—requests. "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. . . . Respondents should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. To clarify their answers, respondents may include any necessary, reasonable definition of such terms or phrases." *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996)

     With respect to the objections of relevance, even in those circumstances where your client may reasonably believe the requested documents are in the possession of another person or entity, including Parties to the action, Defendants have justifiable reasons to request the copies in her possession. Prior production has raised questions about discrepancies between the versions of documents, such as invoices, produced by Plaintiffs and the versions produced by the tissue procurement organizations which received

Michael Bopp, Esq.
Re: *Planned Parenthood Fed. of Am., et al. v. Ctr. for Med. Progress, et al.*
December 11, 2018
Page 2 of 2

_____

specimens from Plaintiffs. Therefore, production from both Plaintiffs *and* non-parties of allegedly identical documents is necessary for examination and comparison, an obvious exception to the general rule that nonparties cannot be compelled to produce documents in the possession of a party.

"[E]vidence is relevant if it has any tendency to make more or less probable a fact that is of consequence in determining the action." Order on Joint Discovery Letters, Dkt. 226 at 10, n.7 (quotation marks, ellipses, and brackets omitted). In fact, "[g]iven the broad scope of discovery permitted by the Federal Rules," any "position that discovery must be narrowly circumscribed is untenable." *Id.* at 10:13–15. Generally, parties are entitled to test each other's claims. *Id.* at 12:24–25. "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Id.* at 5:26–28.

Here the requested written discovery relates to Defendants' public statements about Plaintiffs engaging in illegal activities, which Plaintiffs assert proximately caused their alleged damages and whose veracity Defendants assert establishes their affirmative defenses.

In the Complaint, Plaintiffs put the truth or falsity of Defendants' public statements about Plaintiffs and their practices directly at issue, repeatedly asserting their innocence and linking their claimed damages to the allegedly false statements made by Defendants. In the first amended complaint, Plaintiffs state:

- "This action is brought to further expose **the falsity and illegality of Defendants' methods** and to recover **damages for the ongoing harm to Planned Parenthood emanating from the video smear campaign**."(Dkt. 59, ¶ 12.)

- "Planned Parenthood affiliates who have facilitated fetal tissue donation programs have done so in **full compliance with all applicable federal and state law**." (Dkt. 59, ¶ 45.)

- "Like all of Plaintiffs' staff who have been victims of Defendants' malicious and illegal conduct, [Planned Parenthood Arizona] **never engaged in – or agreed to engage in – any unlawful or improper activity**." (Dkt. 59, ¶ 94.)

- "...taken steps to stop Defendants' **fraudulent and defamatory campaign**." (Dkt. 59, ¶ 113.)

The Plaintiffs have made their own criminal innocence and regulatory compliance an issue in their case. The requested documents and information would tend "to make more or less probable a fact that is of consequence in determining the action," by testing Plaintiffs' claim that they fully complied with all laws. Whether Plaintiffs did, or did not, illegally scheme to profit from fetal tissue sales, alter abortions to secure more fetal tissue, commit partial-birth abortions, fail to obtain informed consent for fetal tissue donation, or kill infants born alive, is therefore highly relevant.

\*     \*     \*

Because of your client's role within the Planned Parenthood organizations, we expect that she is in possession of documents and, particularly, communications responsive to the subpoena which are not subject to attorney-client privilege or other applicable privileges. Further, the privileges asserted

Michael Bopp, Esq.
Re: *Planned Parenthood Fed. of Am., et al. v. Ctr. for Med. Progress, et al.*
December 11, 2018
Page 3 of 2

_____

in response to requests 8, 9, and 10 do not appear to have any legal basis in Federal law or Congressional rules and procedures.

To the extent that a valid privilege applies to documents in your client's possession, Federal Rules of Civil Procedure, Rule 45 requires that she describe the nature of the withheld documents in the form of a privilege log. After reviewing this letter, reassessing your client's duty to respond, and determining what documents are responsive, if there remain documents over which she wishes to assert a privilege, please provide a privilege log along with the responsive documents.

Please produce all responsive documents in your client's possession, and a log detailing those additional items over which she wishes to assert privileges by Friday, December 14, 2018. While we would like to afford additional time, we have already granted one extension with the understanding that the time was being used to collect and review documents and a full production would be forthcoming. Having already used that time, Defendants cannot not allow additional delay in the process.

Sincerely,

FREEDOM OF CONSCIENCE DEFENSE FUND

B. Dean Wilson

BDW/

**EXHIBIT 9**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Perlette Michèle Jura
Direct: +1 213.229.7121
Fax: +1 213.229.6121
PJura@gibsondunn.com

December 14, 2018

<u>VIA E-MAIL (DWILSON@FCDFLEGAL.ORG) & U.S. MAIL</u>

B. Dean Wilson, Esq.
Freedom of Conscience Defense Fund
P.O. Box 9520
Rancho Santa Fe, CA 92067

Re:     *Planned Parenthood Federation of America v. Center for Medical Progress*,
        Case No. 16-cv-236 (N.D. Cal.)

Dear Mr. Wilson:

I write in response to your letter dated December 11, 2018, regarding Dr. Nucatola's objections and responses (the "Responses") to the third-party subpoena (the "Subpoena") issued on October 23, 2018 in the above-captioned matter (the "Action"). Your letter overlooks several important aspects of the Responses while ignoring central tenets of the limitations on third-party discovery.

First, as you are aware, Dr. Nucatola is not a party to the Action—indeed, she is not currently employed by the Planned Parenthood Federation of America or any other plaintiff in the Action. The law recognizes that non-party discovery is disfavored and that discovery requests to third parties should be more restrictive and discerning in scope and burden. Second, your letter ignores the fact that Dr. Nucatola undertook a reasonable inquiry and diligent search to assess whether she had any non-objectionable responsive documents in her possession, custody, or control. As a result of this effort, Dr. Nucatola provided substantive responses to the majority of the Subpoena's document requests (the "Requests"). *See* Responses to Request for Production Nos. 1–7, 9.[1] Accordingly, the issues raised in your letter seem to pertain only to Dr. Nucatola's Responses to Request Nos. 8 and 10. Third, your demand for a privilege log is premature. Dr. Nucatola objected to Request Nos. 8 and 10 on a variety of grounds, and you have not even requested a meet and confer.[2]

---

[1]   To the extent that your letter suggests that Dr. Nucatola has non-objectionable documents in her possession and agreed to or would be producing them, it is inaccurate.

[2]   Your letter misstates that Dr. Nucatola also objected to Request No. 9 on the basis of privilege. Dec. 11, 2018 Letter from D. Wilson to M. Bopp ("12/11/2018 Letter") at 3. To

**GIBSON DUNN**

B. Dean Wilson, Esq.
December 14, 2018
Page 2


More specifically, your assertion that Dr. Nucatola's general objections to the Requests are improper and therefore "waived" is misplaced. 12/11/2018 Letter at 1. All three cases you cite in support of this proposition are distinguishable and quoted out of context. In fact, other courts assessing general objections to discovery requests have come out precisely the opposite way. *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 304 (D. Kan. 1996) ("General objections may occasionally serve as an efficient response. The court may consider and rule upon general objections raised against . . . requests for production."). Moreover, none of the cases cited for your "waiver" argument involve third-party discovery, which courts consider in assessing non-party objections to a subpoena. *See In re Coan*, No. 06-80350, 2007 WL 128010, at *5 (N.D. Cal. Jan. 12, 2007) (finding that even though the subpoenaed third parties "merely provided one general objection to all six subpoenas," the lack of a specific objection was not determinative; that one of requests was overbroad; and ordered that it be limited).

Your letter also fails to address any of Dr. Nucatola's specific objections to Request Nos. 8 and 10. Contrary to your assertion that a "broad scope of discovery [is] permitted by the Federal Rules," 12/11/2018 Letter at 2, Federal Rule of Civil Procedure 26(b)(1) limits discovery based on privilege, relevancy, and proportionality, particularly where, as here, the discovery is sought from a non-party. *See Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (the "restriction [on discovery] may be broader when a nonparty is the target of discovery"); *see also Micron Tech., Inc. v. Tessera, Inc.*, No. 06-80093, 2006 WL 1646132, at *2 (N.D. Cal. June 14, 2006) ("Although Rule 26(b) and Rule 45 apply equally to discovery of nonparties, the fact of nonparty status may be considered by the court in weighing the burden imposed in the circumstances."). In addition, "[c]ourts are particularly reluctant to require a non-party to provide discovery that can be produced by a party." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409–10 (C.D. Cal. 2014).

The principles governing non-party discovery in the Ninth Circuit are clear: (i) third parties are a disfavored source of discovery if the information can be obtained from a party to the litigation; and (ii) even on the limited occasions when discovery must rely on a third party, greater restrictions on the scope and subject of discovery are appropriate. *See, e.g.*, *Dart*, 649 F.2d at 649 ("'the word nonparty serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery.") (quotation marks omitted).

---

the contrary, she provided a substantive response to that Request. *See* Response to Request for Production No. 9.

**GIBSON DUNN**

B. Dean Wilson, Esq.
December 14, 2018
Page 3


Applying these principles, Request Nos. 8 and 10 are particularly objectionable.  Both Requests seek broad swaths of documents—"[a]ll communications" and "any deposition or interview"—and are unbounded by subject matter and/or time.  Courts regularly find that such requests to a non-party are improperly overbroad and unduly burdensome.  *See, e.g.*, *HM Electronics, Inc. v. R.F. Technologies, Inc.*, No. 12-cv-2884, 2014 WL 12059002, at *5 (S.D. Cal. July 3, 2014) ("Additionally, the Court finds this request to be overbroad, as it is not limited in time"); *Karnazes v. Cty. of San Mateo*, No. 9-767, 2010 WL 1910522, at *5 (N.D. Cal. May 11, 2010) (limiting requests that did not provide a time limit); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008) (quashing a third-party subpoena as "overbroad because it does not limit the [documents] requested to those containing subject matter relevant to the underlying action"); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637–38 (C.D. Cal. 2005) (finding that the third-party subpoena imposed an undue burden and quashing it for that reason).  In addition, the definition of "you" or "your" to include "agents, manager, servants, employees, workers, consultants, and attorneys," Subpoena at 1, is extremely broad and further attempts to force the burden of discovery on even more non-parties.

Instead of grappling with the limitations on non-party discovery as applied to Request Nos. 8 and 10, you rely on an Order on Joint Discovery Letters (the "Order") that resolved wholly unrelated discovery disputes *between the parties*.  *See* 12/11/2018 Letter at 2 (citing Order on Joint Discovery Letters, Dkt. 266 at 10 n.7, 10:13–15, 12:24–25, 5:26–28).  This apples-to-oranges approach fails.  The Order—which addressed different objections and responses to different requests raised by the parties—has no application to the situation here, particularly in light of Dr. Nucatola's non-party status.

While your letter does not propose that we meet and confer regarding the Responses to Request Nos. 8 and 10, that would have been the proper response to our reasonable responses and objections, to the extent you took issue with them.

Sincerely,

Perlette Michèle Jura

cc:     Paul M. Jonna, Esq. (pjonna@limandri.com)
        Michael D. Bopp, Esq. (mbopp@gibsondunn.com)
        Jennifer Bracht, Esq. (jbracht@gibsondunn.com)

**EXHIBIT 10**

| | |
|---|---|
| **From:** | Dean Wilson |
| **To:** | Jura, Perlette Michèle |
| **Cc:** | Paul Jonna; Mao, Coreen; Jeffrey Trissell; Charles Limandri; Bopp, Michael D.; Bracht, Jennifer K. |
| **Subject:** | RE: Planned Parenthood Federation of America v. Center for Medical Progress |
| **Date:** | Thursday, December 20, 2018 7:48:34 AM |

Ms. Jura,

I understand your frustration. However, this is a complex lawsuit with some very tight deadlines and due to numerous constraints, many of which were not under the Defendants' control, we are now completely out of time.

We are beginning depositions in just a few weeks and the motion cut-off date is upon us. What final compromise are you willing to make to avoid a motion to compel?

B. Dean Wilson | Attorney
Freedom of Conscience Defense Fund
P.O. Box 9520 | Rancho Santa Fe, CA 92067
Tel: (858) 759-9948 | Fax: (858) 759-9938
dwilson@limandri.com | www.fcdflegal.org

From: Jura, Perlette Michèle <pjura@gibsondunn.com>
Reply: Jura, Perlette Michèle <pjura@gibsondunn.com>
Date: December 20, 2018 at 5:48:13 AM
To: Dean Wilson <dwilson@fcdflegal.org>
Cc: Bracht, Jennifer K. <jbracht@gibsondunn.com>, Mao, Coreen <cmao@gibsondunn.com>,
Charles Limandri <cslimandri@limandri.com>, Bopp, Michael D. <mbopp@gibsondunn.com>,
pjonna@limandri.com <pjonna@limandri.com>, Jeffrey Trissell <jtrissell@limandri.com>
Subject:  RE: Planned Parenthood Federation of America v. Center for Medical Progress

Mr. Wilson,

It is unfortunate that you have disregarded our multiple offers to have a discussion and that you have now pushed this into the holiday season.  As you are surely aware, moving to compel at this stage would be premature and a clear violation of the rules.

**Perlette Jura**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7121 • Fax +1 213.229.6121
PJura@gibsondunn.com • www.gibsondunn.com

**From:** Dean Wilson <dwilson@fcdflegal.org>

**Sent:** Monday, December 17, 2018 3:25 PM
**To:** Jura, Perlette Michèle <PJura@gibsondunn.com>
**Cc:** Bracht, Jennifer K. <JBracht@gibsondunn.com>; Mao, Coreen <CMao@gibsondunn.com>; Jura, Perlette Michèle <PJura@gibsondunn.com>; Charles Limandri <cslimandri@limandri.com>; Bopp, Michael D. <MBopp@gibsondunn.com>; pjonna@limandri.com; Jeffrey Trissell <jtrissell@limandri.com>
**Subject:** Re: Planned Parenthood Federation of America v. Center for Medical Progress

[External Email]

Ms. Jura and Mr. Bopp,

We understand that you have contrary legal opinions regarding the subpoena served upon your client. We believe we have laid out a sufficient factual and legal basis to support our requests and you do not agree.

As we are now engaged in an escalating exchange of case authority and not discussing compromises or a narrowed scope of production, it seems clear to us that any further meet and confer efforts would not be productive. Therefore, we will be filing a motion to compel the production of the subpoenaed documents.

**B. Dean Wilson** | Attorney
Freedom of Conscience Defense Fund
P.O. Box 9520 | Rancho Santa Fe, CA 92067

Tel: (858) 759-9948 | Fax: (858) 759-9938

dwilson@limandri.com | www.fcdflegal.org

From: Jura, Perlette Michèle <pjura@gibsondunn.com>
Date: December 14, 2018 at 4:37:05 PM
To: dwilson@fcdflegal.org <dwilson@fcdflegal.org>
Cc: Jura, Perlette Michèle <pjura@gibsondunn.com>, pjonna@limandri.com <pjonna@limandri.com>, Bopp, Michael D. <mbopp@gibsondunn.com>, Bracht, Jennifer K. <jbracht@gibsondunn.com>, Mao, Coreen <cmao@gibsondunn.com>
Subject:  Planned Parenthood Federation of America v. Center for Medical Progress

Dean,

Please find attached our response to your letter sent on Tuesday, December 11, 2018.  A courtesy copy is being mailed as well.

Best,

Perlette


**Perlette Jura**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7121 • Fax +1 213.229.6121
PJura@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**EXHIBIT 11**

| | |
|---|---|
| **From:** | Jeffrey Trissell |
| **To:** | "Bracht, Jennifer K."; Jura, Perlette Michèle |
| **Cc:** | Charles Limandri; Paul Jonna; Kathy Denworth; Peter Breen; Thomas Brejcha; Dean Wilson; Mao, Coreen |
| **Subject:** | RE: PPFA v. CMP re Nucatola |
| **Date:** | Thursday, January 10, 2019 4:50:00 PM |
| **Attachments:** | Joint Stip. on Unresolved Matters.doc |

Jennifer and Perlette,

Based on your below emails, I do not believe we can resolve this dispute without court guidance. Please see attached our half of the joint stipulation pursuant to C.D. Cal. L.R. 37-2. Tomorrow morning I will send over the notice of motion and the supporting declarations. As I explained previously, this motion needs to be filed by next Monday, January 14, 2019.

Jeff

*******************************
**Jeffrey M. Trissell** | Legal Counsel
**Freedom of Conscience Defense Fund**
P.O. Box 9520 | Rancho Santa Fe, CA  92067
(858) 759-9948 (tel) | (858) 759-9938 (fax)
www.fcdflegal.org

This communication (including any attachments) contains confidential information protected by the attorney-client privilege and/or attorney work-product privilege intended only for a specific person(s) or entity(ies) named as the recipient(s).  If you are not the intended recipient(s), you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, use or distribution of this communication, or the taking of any action based in it, is strictly prohibited by law.  If you receive this transmission by error, please notify us by telephone immediately. If you receive this communication, and it contains serious allegations against you or a person(s) you represent which you do not repudiate, the failure to repudiate will constitute an admission of the allegations. See Evid. Code §§ 1221, 1222. Thank you.

**From:** Bracht, Jennifer K. <JBracht@gibsondunn.com>
**Sent:** Thursday, January 10, 2019 1:25 PM
**To:** Jeffrey Trissell <JTrissell@limandri.com>; Jura, Perlette Michèle <PJura@gibsondunn.com>
**Cc:** Charles Limandri <CLimandri@limandri.com>; Paul Jonna <PJonna@limandri.com>; Kathy Denworth <KDenworth@limandri.com>; Peter Breen <pbreen@thomasmoresociety.org>; Thomas Brejcha <tbrejcha@thomasmoresociety.org>; Dean Wilson <dwilson@limandri.com>; Mao, Coreen <CMao@gibsondunn.com>
**Subject:** RE: PPFA v. CMP re Nucatola

Jeff,

While our discussions have highlighted the burden issues with Defendants' requests, we raised several other objections to RFP 10 in our written response to the subpoena, including, but not limited to, confidentiality obligations pursuant to the rules and practices of the Select Investigative Panel of the Committee of Energy and Commerce.  For all of those reasons, we will not agree to

conduct any further search.  We will still get back to you by tomorrow regarding the results of Dr. Nucatola's search of her personal emails/personal computer, as we understood our agreement to be.

Best,
Jenn

**Jennifer Bracht**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7257 • Fax +1 213.229.6257
JBracht@gibsondunn.com • www.gibsondunn.com

---

**From:** Jeffrey Trissell <JTrissell@limandri.com>
**Sent:** Thursday, January 10, 2019 10:36 AM
**To:** Bracht, Jennifer K. <JBracht@gibsondunn.com>; Jura, Perlette Michèle <PJura@gibsondunn.com>
**Cc:** Charles Limandri <CLimandri@limandri.com>; Paul Jonna <PJonna@limandri.com>; Kathy Denworth <KDenworth@limandri.com>; Peter Breen <pbreen@thomasmoresociety.org>; Thomas Brejcha <tbrejcha@thomasmoresociety.org>; Dean Wilson <dwilson@limandri.com>; Mao, Coreen <CMao@gibsondunn.com>
**Subject:** RE: PPFA v. CMP re Nucatola

[External Email]
Jennifer,

I still acknowledge the burdens of searching third party files—and I'm not asking Dr. Nucatola to wade through third party files looking for responsive documents. I'm asking whether you (Gibson Dunn) have a single specific document that belongs to Dr. Nucatola, and for which it would only take probably seconds to find and produce. As I indicated in my email, I view the request seeking the transcript as different from the other request seeking a broader category of documents. I just don't see how there can be any meaningful burden argument as to request no. 10.

Jeff

******************************
**Jeffrey M. Trissell** | Legal Counsel
**FREEDOM of CONSCIENCE DEFENSE FUND**
P.O. Box 9520 | Rancho Santa Fe, CA  92067
(858) 759-9948 (tel) | (858) 759-9938 (fax)
www.fcdflegal.org

This communication (including any attachments) contains confidential information protected by the attorney-client privilege and/or attorney work-product privilege intended only for a specific person(s) or entity(ies) named as the

recipient(s).  If you are not the intended recipient(s), you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, use or distribution of this communication, or the taking of any action based in it, is strictly prohibited by law.  If you receive this transmission by error, please notify us by telephone immediately. If you receive this communication, and it contains serious allegations against you or a person(s) you represent which you do not repudiate, the failure to repudiate will constitute an admission of the allegations. See Evid. Code §§ 1221, 1222. Thank you.

**From:** Bracht, Jennifer K. <JBracht@gibsondunn.com>
**Sent:** Thursday, January 10, 2019 10:15 AM
**To:** Jeffrey Trissell <JTrissell@limandri.com>; Jura, Perlette Michèle <PJura@gibsondunn.com>
**Cc:** Charles Limandri <CLimandri@limandri.com>; Paul Jonna <PJonna@limandri.com>; Kathy Denworth <KDenworth@limandri.com>; Peter Breen <pbreen@thomasmoresociety.org>; Thomas Brejcha <tbrejcha@thomasmoresociety.org>; Dean Wilson <dwilson@limandri.com>; Mao, Coreen <CMao@gibsondunn.com>
**Subject:** RE: PPFA v. CMP re Nucatola

Jeff,

During our conversation, you acknowledged the problems and burdens with seeking attorney and other third party files, and we reiterated our objections to the definitions of "YOU" and "YOUR" because they implicate any agent or third party acting on behalf of our client (including accountants, attorneys, etc.).  You indicated that you recognized these concerns, including the particular challenges involved when searching attorney files.  Accordingly, we agreed that Dr. Nucatola would conduct additional searches of her personal files.  We did not agree that Dr. Nucatola would seek out documents from third parties and will not ask that she do so.  In fact, we thought that was clear on Tuesday and part of the deal we negotiated with you in agreeing to ask Dr. Nucatola to go back and conduct any additional searches, when we already think these requests are unduly burdensome.

Regards,
Jenn
**Jennifer Bracht**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7257 • Fax +1 213.229.6257
JBracht@gibsondunn.com • www.gibsondunn.com

**From:** Jeffrey Trissell <JTrissell@limandri.com>
**Sent:** Wednesday, January 9, 2019 5:05 PM
**To:** Jura, Perlette Michèle <PJura@gibsondunn.com>
**Cc:** Charles Limandri <CLimandri@limandri.com>; Paul Jonna <PJonna@limandri.com>; Kathy Denworth <KDenworth@limandri.com>; Peter Breen <pbreen@thomasmoresociety.org>; Thomas

Brejcha <tbrejcha@thomasmoresociety.org>; Dean Wilson <dwilson@limandri.com>; Bracht, Jennifer K. <JBracht@gibsondunn.com>; Mao, Coreen <CMao@gibsondunn.com>
**Subject:** RE: PPFA v. CMP re Nucatola

[External Email]
Perlette,

The local rules to which I'm referring are C.D. Cal. L.R. 45-1 and 37-1 through 37-4. Also, you added the language "searching through her personal emails/personal computer for" the transcript of Dr. Nucatola's interview/deposition taken by the Select Investigative Panel. My understanding is that Gibson Dunn represented her at that interview/deposition, and so it seems likely to me that you have a copy of the transcript. I'm not sure if we miscommunicated on the phone, but I want to make clear that if Gibson Dunn has a copy of the transcript, and Dr. Nucatola can ask for it from you, we should be talking about whether there are legitimate reasons for withholding it, and not about whether it is in her "personal emails/personal computer."

Jeff

**From:** Jura, Perlette Michèle <PJura@gibsondunn.com>
**Sent:** Tuesday, January 8, 2019 5:32 PM
**To:** Jeffrey Trissell <JTrissell@limandri.com>
**Cc:** Charles Limandri <CLimandri@limandri.com>; Paul Jonna <PJonna@limandri.com>; Kathy Denworth <KDenworth@limandri.com>; Peter Breen <pbreen@thomasmoresociety.org>; Thomas Brejcha <tbrejcha@thomasmoresociety.org>; Dean Wilson <dwilson@limandri.com>; Bracht, Jennifer K. <JBracht@gibsondunn.com>; Mao, Coreen <CMao@gibsondunn.com>
**Subject:** RE: PPFA v. CMP re Nucatola

Thank you for your email.  I thought we were supposed to prepare a summary (which I was about to send over) so I've pasted that here too.  But I believe we're on the same page.  A handful of clarifying comments/additions to your summary appear below, along with our summary, which captures a few additional details.

Best,
Perlette

**Perlette Jura**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7121 • Fax +1 213.229.6121
PJura@gibsondunn.com • www.gibsondunn.com

**From:** Jeffrey Trissell <JTrissell@limandri.com>

**Sent:** Tuesday, January 8, 2019 4:49 PM
**To:** Jura, Perlette Michèle <PJura@gibsondunn.com>
**Cc:** Charles Limandri <CLimandri@limandri.com>; Paul Jonna <PJonna@limandri.com>; Kathy Denworth <KDenworth@limandri.com>; Peter Breen <pbreen@thomasmoresociety.org>; Thomas Brejcha <tbrejcha@thomasmoresociety.org>; Dean Wilson <dwilson@limandri.com>; Bracht, Jennifer K. <JBracht@gibsondunn.com>
**Subject:** RE: PPFA v. CMP re Nucatola

[External Email]
Perlette,

It was good to speak with you on the phone today. This email confirms our conversation. If there is anything in here for which you have a different understanding, please let me know.

- With respect to requests nos. 1-7, and 9, Dr. Nucatola does not have any responsive documents because she no longer has access to her Planned Parenthood email accounts.
- With respect to request no. 8, which seeks all of Dr. Nucatola's communications with the Energy & Commerce committee, I narrowed it to Dr. Nucatola searching her personal email accounts for responsive documents between July 13, 2015 and December 31, 2016.
- With respect to request no. 10, which sought any interview transcript of a congressional interview (either of Dr. Nucatola or anybody else), you stated that you would follow up with Dr. Nucatola about searching through her personal emails/personal computer for ~~producing~~ them.
- You also stated that you would follow up with Dr. Nucatola today and get me an email response today if possible. In that vein, you stated that you would ask her to search her email accounts to determine the burden of producing documents as soon as she can. You are correct that we agreed to reach out to her today about our compromise for requests 8 and 10. We have done so.
- I also mentioned the upcoming deadline for my office to file a motion to compel (Monday, January 14, 2019), and that due to the local rules, it would have to be a joint filing. In response, you stated that you would endeavor to get back to me by Thursday so that we would have time to prepare any joint submission. We will do our best to get back to you on Thursday. If you want to send us the local rules about any procedures you want us to be aware of, we will review them.

Jeff
----

Here is the summary we prepared:

Jeff –

Thank you for hosting the meet-and-confer session with us earlier today, which we thought

was very productive.  As promised, we've summarized the call and the resolution that we agreed upon.  Please let me know if you think I've missed anything.

We were able to confirm for you that Dr. Nucatola uses her personal email for personal reasons, PPFA, not Deb, controls access to PPFA emails, and Deb does not have any responsive Planned Parenthood files saved on her personal computer.  We also confirmed, in response to your query, that our response was intended to communicate that we had not located any responsive documents for requests 1-7 or 9 that we were holding back.  This allowed us to narrow our dispute to requests 8 and 10.

For the remaining requests, without waiving any of our other objections, we explained that our primary concerns are that they are broad and burdensome, especially as Dr. Nucatola is a third party, and that the terms "you" and "your" are defined broadly to include other third parties.  Given that Dr. Nucatola does not have access to her PPFA emails and does not have responsive Planned Parenthood files on her personal computer, these requests would potentially be interpreted as asking her to search through her personal emails, from which she did not conduct work and could be interpreted as asking her to reach out to numerous third parties and beyond, which brings with it a host of other objectionable issues.  We also raised that there was no time limitation to these requests.

You agreed to focus on what was in Dr. Nucatola's possession and to limit the time for Request 8 to July 13, 2015-December 31, 2016.  Although we still think that requiring Dr. Nucatola to search her personal emails for documents that are more likely found in PPFA's files is unduly burdensome, among other things (particularly in light of the fact that she has already searched and did not find any responsive Planned Parenthood files on her personal computer), in the spirit of cooperation, we agreed to have Dr. Nucatola search her personal emails for emails responsive to Request 8 for the time period July 13, 2015 through December 31, 2016.  With respect to Request 10, we also agreed, despite the fact that Dr. Nucatola does not have any Planned Parenthood files on her personal computer, to ask Dr. Nucatola if she has any House Energy & Commerce Committee or Senate Judiciary Committee transcript on her personal computer or in her personal emails.

We will endeavor to have a response to you by Thursday.

**From:** Jura, Perlette Michèle <PJura@gibsondunn.com>
**Sent:** Monday, January 7, 2019 12:39 PM
**To:** Jeffrey Trissell <JTrissell@limandri.com>
**Cc:** Charles Limandri <CLimandri@limandri.com>; Paul Jonna <PJonna@limandri.com>; Kathy Denworth <KDenworth@limandri.com>; Peter Breen <pbreen@thomasmoresociety.org>; Thomas Brejcha <tbrejcha@thomasmoresociety.org>; Dean Wilson <dwilson@limandri.com>; Bracht, Jennifer K. <JBracht@gibsondunn.com>
**Subject:** Re: PPFA v. CMP re Nucatola

Thank you for your email. Jenn and I will dial into this line at 1 pm tomorrow for the meet and confer.

**Perlette M. Jura**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7121 • Fax +1 213.229.6121
PJura@gibsondunn.com • www.gibsondunn.com

On Jan 7, 2019, at 11:11 AM, Jeffrey Trissell <JTrissell@limandri.com> wrote:

> [External Email]
> Perlette,
>
> This is to confirm that we have a meet and confer call scheduled for tomorrow at 1pm
> relating to the Nucatola subpoena.
>
> We can use this call-in number.
>
> Call In:        (800) 617-7801
> Code:          5589670
>
> Jeff
>
> ******************************
> **Jeffrey M. Trissell** | Legal Counsel
> **Freedom of Conscience Defense Fund**
> P.O. Box 9520 | Rancho Santa Fe, CA  92067
> (858) 759-9948 (tel) | (858) 759-9938 (fax)
> www.fcdflegal.org
>
> This communication (including any attachments) contains confidential information protected by the
> attorney-client privilege and/or attorney work-product privilege intended only for a specific
> person(s) or entity(ies) named as the recipient(s).  If you are not the intended recipient(s), you should
> delete this communication and/or shred the materials and any attachments and are hereby notified
> that any disclosure, copying, use or distribution of this communication, or the taking of any action
> based in it, is strictly prohibited by law.  If you receive this transmission by error, please notify us by
> telephone immediately. If you receive this communication, and it contains serious allegations against
> you or a person(s) you represent which you do not repudiate, the failure to repudiate will constitute
> an admission of the allegations. See Evid. Code §§ 1221, 1222. Thank you.

This message may contain confidential and privileged information. If it has been sent to you in
error, please reply to advise the sender of the error and then immediately delete this message.

**EXHIBIT 12**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### CIVIL MINUTES

| **Date:** July 17, 2018 | **Time:** 44 minutes<br>2:16 p.m. to 3:00 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 15-cv-03522-WHO<br><br>16-cv-236-WHO | **Case Name:** NAF v. Center for Medical Progress, et al.<br>Planned Parenthood v. Center for Medical Progress, et al. | |

**Attorneys for Plaintiffs:**   Amy Bomse, Diana Sterk, Beth Parker, Diana Maltzer, Derek Foran, and Christopher Robinson (appearing personally)
**Attorneys for Defendants:**   Jeffrey Trissell, Michael Millen, Paul Jonna, Vladimir Kozina, Matthew Heffron, Joratio Mihet, and Catherine W. Short (appearing personally) and Peter C. Breen (appearing telephonically)

**Deputy Clerk:** Jean Davis                    **Court Reporter:** FTR Recording

### PROCEEDINGS

Counsel appear for case management conference.  A case management schedule through trial is announced for the Planned Parenthood matter.  Defense counsel argues that the Planned Parenthood matter should not be set for trial until the final mandate in the anti-slapp appeal comes down. For the moment, the Court's schedule precludes depositions until January 1, 2019. Written discovery will continue with the goal of completion by the end of the year; the status of discovery and the trial calendar will be revisited at the next case management conference on December 11, 2018.  Judge Ryu remains tasked to resolve discovery disputes; the parties are urged to work in a collaborative fashion on the remaining discovery issues.

Responsive pleadings in the NAF matter have not been filed and formal discovery has not begun. The Court sets a timetable for motions to dismiss/anti-slapp and for the identification of proportionate and necessary discovery in addition to what is being exchanged in the Planned Parenthood matter.  Plaintiff is anxious to file a motion for summary judgment and has proposed doing so on its breach of contract cause of action with a stay as to all other matters.  Defendants oppose, and the Court agrees that a motion for summary judgment is premature until the pleadings are clarified.

The use of Doe identifiers is discussed.  The Court will review the initial order on this issue to see if it is appropriate to narrow or clarify that directive.  *Having reviewed the matter after conclusion of the CMC, the Court sees no reason to modify the Order.  The parties shall continue to comply with it; if it poses an undue burden on any party for any reason, the issue may be raised to Judge Ryu.*

The status of the related criminal case in San Francisco Superior Court is discussed. The Court will not modify its preliminary injunction. However, it shall not be a violation of the Preliminary Injunction or other Orders of this Court if Judge Hite requires some modification in order to protect the due process or other constitutional right defendant Daleiden has to insure a fair trial. The Court emphasizes that any modification must be ordered by Judge Hite, and not be a unilateral self-help measure determined by any party or lawyer. If anyone in the cases in this Court has a question about the propriety of modifying an Order of this Court, he, she or it should make a request of this Court before acting.

Counsel are asked to meet and confer and then to submit a stipulation and proposed order (or to submit competing proposed orders if stipulation is not possible) by July 24, 2018, addressing the issue of extending access to counsel for Planned Parenthood for select sealed matters in NAF.

**PLANNED PARENTHOOD SCHEDULE:**

**Further Case Management Conference set for December 11, 2018 at 2:00 p.m.**

**PRETRIAL SCHEDULE:**

| | |
|---|---|
| **Written discovery cutoff:** | **December 31, 2018** |
| **Fact discovery cutoff:** | **February 28, 2019** |
| **Expert disclosure:** | **February 28, 2019** |
| **Expert rebuttal:** | **March 28, 2019** |
| **Expert discovery cutoff:** | **April 15, 2019** |
| **Dispositive Motions heard by:** | **June 26, 2019** (filed no later than May 1, 2019, with the last responding brief due June 12, 2019) |
| **Pretrial Conference:** | **September 9, 2019 at 2:00 p.m.** |
| **Trial:** | **September 30, 2019 at 8:30 a.m. by Jury** |

**NATIONAL ABORTION FEDERATION SCHEDULE:**

**Further Case Management Conference December 11, 2018 at 2:00 p.m.**

**Deadlines set for answer or preliminary motions:**

| | |
|---|---|
| **Answer or Motions filed** | **August 15, 2018** |
| **Oppositions filed** | **September 5, 2018** |
| **Replies filed** | **September 19, 2018** |
| **Motion hearing** | **October 3, 2018 at 2:00 p.m.** |

**Discovery schedule:**

| | |
|---|---|
| **Defense letter to plaintiff identifying proportionate and necessary discovery:** | **August 1, 2018** |
| **Plaintiff's response:** | **August 15, 2018** |
| **Meet and confer to be conducted by:** | **August 29, 2018** |
| **Joint letter outlining any disputes by:** | **September 12, 2018** |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### CIVIL MINUTES

| **Date:** December 11, 2018 | **Time:** 55 minutes 2:21 p.m. to 3:16 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case Nos.:** 15-cv-03522-WHO 16-cv-00236-WHO | **Case Names:** NAF v. Center for Medical Progress and Planned Parenthood v. Center for Medical Progress | |

| | |
|---|---|
| **NAF Attorneys:** | Derek F. Foran and Nicholas Roethlisberger |
| **Planned Parenthood Attorneys:** | Amy Lynne Bomse, Sharon Mayo, and Jeremy Kamras |
| **Attorneys for Defendants:** | Charles S. LiMandri, Paul M. Jonna, John A. Monaghan, Vladimir "Mirko" Kozina, Catherine Short, and Michael Millen (appearing personally) Matthew Heffron and Horatio G. Mihet (appearing telephonically) |

| **Deputy Clerk:** Jean Davis | **Court Reporter:** FTR Recording |
|---|---|

## PROCEEDINGS

Parties appear for combined Case Management Conference in the related cases. Argument of counsel heard.

**Case No. 15-cv-03522** *National Abortion Federation v. Center for Medical Progress et al.*

Good cause exists and efficiencies heavily favor allowing limited discovery to proceed at this juncture, considering the unique posture of this case including the affirmance of the preliminary injunction order as well as the progress of discovery in the related case. The Court reaches this determination both as a matter of good cause under Cal. Code of Civil Procedure § 425.16(g) (recognizing that the purposes generally supporting a discovery stay are not present in this action), but also as a matter of efficient case management under the Federal Rules of Civil Procedure and my inherent authority.

Document Discovery in the Related Case. NAF shall be provided access to the document discovery produced in the related *Planned Parenthood* case. That discovery shall be provided to NAF by **January 4, 2019**. If defendants have objections based on privilege to providing NAF access to specific documents based on material differences between the scope of the *NAF* and *Planned Parenthood* cases, those documents shall be identified in a privilege log provided to

1

NAF by **December 28, 2018** and the issue submitted for resolution to Judge Ryu by **January 4, 2019**.

<u>Depositions Noticed in the Related Case</u>.  NAF shall be given notice of all depositions noticed/scheduled in the *Planned Parenthood* case.  NAF shall be allowed to participate in those depositions.  If there are objections by any party to NAF's participation in a specific deposition (given material differences in the scope of the *NAF* and *Planned Parenthood* cases), that party shall give NAF notice of its objection and supporting reasons/case law at least three weeks prior to the scheduled deposition date and the issue shall be submitted to Judge Ryu for resolution at least two weeks prior to the scheduled deposition date.  Similarly, if there are disputes over the role NAF may play in any specific deposition (including any party's position that a specific deposition should be extended to accommodate NAF's participation), those disputes shall be identified at least three weeks prior to the scheduled deposition date and the issue shall be submitted to Judge Ryu for resolution at least two weeks prior to the scheduled deposition date.

<u>Protective Order</u>.  NAF's access to and use of the discovery conducted in the *Planned Parenthood* case shall be governed by the Protective Order entered in the *Planned Parenthood* case.

<u>Other Discovery</u>.  Any new, NAF-specific discovery is stayed until the close of the fact discovery period in the related *Planned Parenthood* case.  At that juncture, the parties shall meet and confer as to what additional NAF-specific discovery is necessary.  Any disputes over the same will be addressed at the next Case Management Conference.

**Case No. 16-cv-00236 *Planned Parenthood Federation of America, Inc., et al. v. Center for Medical Progress et al.***

The discovery cutoff and other case management deadlines in this case remain in place, except as follows:

First, the deadline for motions to compel discovery and deadline for joint letters is extended to **January 14, 2019**.

Second, the fact witness deposition cutoff date is extended through **March 31, 2019**.  The parties, by stipulation, may agree to take specific fact witness depositions in the expert discovery period.

As to the scheduling of depositions, the Court recognizes the difficulties of scheduling the number of contemplated depositions considering the outstanding discovery disputes, the number of parties, and the situation of defendants Daleiden and Merritt and their counsel with respect to the criminal preliminary hearing.  In consideration of those difficulties, the Court has extended the deadline for concluding the fact depositions as discussed above.  However, the Court is encouraged by the acknowledgment that a number of the contemplated depositions will not be impacted by the pending discovery disputes or other proceedings.  The parties are ordered to meet and confer and reach a tentative schedule covering all of the contemplated depositions by

**January 4, 2019**, with the recognition that some of those depositions may need to be reset depending on when and how discovery disputes or other proceedings are resolved.

The issue of whether specific parties should be given access to AEO information in advance of the depositions, to assist counsel in preparing for the depositions, shall be presented to and resolved by Judge Ryu.  However, defendants shall only submit narrow and targeted requests for AEO access and plaintiffs shall ensure that AEO designations are narrowly tailored and strictly necessary.

Finally, the opposition to Rhomberg's motion for summary judgment is due by **December 24, 2018** and the reply is due by **January 2, 2019**.  The hearing remains set for **January 16, 2019**.


**Further Joint Case Management Conference set for April 30, 2019 at 2:00 p.m.**